DETERMINED IN THE

# FOURTH DEPARTMENT

AT

# GENERAL TERM

## September, 1889.

---

LOUISE BARNARD AND GERTRUDE E. BARNARD, RESPONDENTS, *v.* MARY BARNARD CROSSMAN AND OTHERS, INFANTS, BY WALTER N. KERNAN, GUARDIAN AD LITEM, APPELLANTS, IMPLEADED WITH OTHERS.

*Will — gift to a devisee " to hold for the benefit of his children if he so elects."*

A testator by his will provided as follows: "Third. I do give, devise and bequeath to my brother, Henry Barnard, my one-fourth interest in the store No. 85 Genesee street, Utica, and running through to Catharine street, for him to hold for the benefit of his children if he so elects."

*Held,* that a trust estate was created for the benefit of the children of Henry Barnard.

That the words "if he so elects" related alone to the acceptance of the office of trustee, and not to the subject-matter of the devise.

That this construction was to be preferred for the reason that Henry Barnard, being a witness to the will, would be incompetent to take the devise if it should be held to have been made to him individually, and not as trustee.

APPEAL by certain of the defendants from an interlocutory judgment, made at a Special Term held in the county of Oneida on January 9, 1889, and entered, in an action brought for the partition of certain real property, on the 11th day of March, 1889, in the office of the clerk of the county of Oneida.

*William Kernan,* for the appellants.

*Miller, Fincke & Brandegee,* for the respondents.

KENNEDY, J.:

The controversy in this case arises as to the construction to be given the following clause in the will of Harvey Barnard, Jr.: "Third. I do give, devise and bequeath to my brother, Henry Barnard, my one-fourth interest in the store No. 85 Genesee street, Utica, and running through to Catherine street, for him to hold for the benefit of his children if he so elects."

Henry Barnard, the devisee, signed the will as a witness and was a necessary one to prove it, and on the probate thereof was sworn and examined as such. If, by the above bequest, an absolute estate in the lands devised was given to the said Henry, then, by the provisions of the Revised Statutes ([8th ed.], 2549, § 50), the *same is void.* On the other hand, if, by the same, a trust estate was created for the children of said Henry, and he took the same in trust for them, *it is valid,* notwithstanding he was a witness to and one necessary to prove the will. The language adopted by the testator is at least awkward and leaves the question of his actual intent resting upon the words used alone somewhat in doubt. If, however, from it a conclusion can be safely reached as to what such intent was, it is the duty of the court to adjudge the same and see that it is carried out. If, upon an examination of the instrument, taken as a whole, the intention of the testator appears clear, but its plain and definite purposes are endangered by inapt and inaccurate modes of expression, the court may, and it is its duty, to subordinate the language to the intention. It may reject words of limitation, supply or transpose them, to get at the correct meaning. (*Phillips et al., Exrs.,* v. *Davies,* 92 N. Y., 199.)

It seems to us that any construction which may be given the clause in question must be somewhat strained, because of the obscurity thrown around the testator's intent by the language selected. He had one of two objects in view, either to vest an absolute estate in Henry or to create a trust estate in and for the benefit of Henry's children, there being three of these at the time the will was made, who survived the testator and are now living. A fourth was born after that, who was living at the time of the testator's death, dying, however, soon after.

It was found by the learned court, at Special Term, that the first of these purposes existed. The contention on the part of the

appellants, the children of said Henry Barnard, on the other hand, is that the testator's intent was to create a trust estate for them, and that the father was simply nominated a trustee, subject to his acceptance of the office. A solution of this question will be found only in the conclusion whether the language, "if he shall so elect," properly relates to the subject-matter of the devise, or whether it is to be construed as referring alone to the office of the trustee. A familiar rule of construction is, that when the language of a written instrument is subject to two interpretations, the one sustaining and the other tending to defeat its provisions, that that shall be adopted which shall validate the writing.

If the construction given by the court below is correct, the effect is to entirely thwart the purpose of the testator and to deprive both Henry and his children of the property, and as to it, to adjuge that he died intestate. In construing an instrument of this nature, partial intestacy, if possible, should be avoided. (*Vernon* v. *Vernon*, 53 N. Y., 351.) It may be fairly assumed that both the testator and Henry knew the law governing the question, and that the former, if he did not understand that he was making a valid bequest and creating an estate alone for the benefit of Henry's children, would not have requested the testator to become a subscribing witness to his will; nor will it be assumed, on the other hand, that Henry would have intentionally defeated the purpose of the testator in doing this. It may be further suggested, in this connection, if the trial court was correct in finding that the devise to Henry was absolute, subject to his election to convert it into a trust estate for his children, that at the time the will was executed by becoming a subscribing witness he thereby declared his election to treat the estate as a trust estate for the beneficiaries named. If it be held that the words referred to, relate to the estate, then they become superfluous, since without them Henry could of his own volition, at any time, have converted it into a trust estate for his children. The language adopted does not amount even to a request by the testator that Henry should so treat the subject of the devise. On the other hand, if it is held that the words " if he so elect " refer to the office of trustee, we shall find meaning in the expression, and by so doing serve to accomplish one of the apparent purposes the testator had in view, and thus avoid the embarrassment and injustice which would follow

a finding that as to this part of the estate the decedent died intestate. Nor can we see that this construction is forced or unnatural; that the testator meant to dispose of this part of his estate for the benefit of Henry or his children is apparent. Each was a proper object of his bounty, and if we hold that the estate was in trust, we shall carry out one design he had in view. On the other hand, a different holding will wholly serve to defeat his purpose. Without the added words "if he shall so elect," a trust estate was created for the children of Henry, he being appointed trustee of the same. Suppose the sentence is made to read, as it may be without doing violence to the expression "if he elects to act as trustee," and he refused the office, such refusal would not defeat the purpose of the testator or destroy the trust. The law will not allow a trust to fail for want of a trustee. (Perry on Trusts [3d ed.], § 38, and cases cited.) We are, therefore, disposed to hold that it was the intent and purpose of the testator to create, and that he did create, a trust estate for the children of Henry; that he nominated him as trustee, making it optional with him whether he accepted the office or not; but in case of his refusal to do so, leaving it with the court to provide a proper trustee, and this construction, while it tends to carry out the purpose of the testator and prevents an absolute failure of the devise, at the same time serves to do justice to the contemplated beneficiaries.

We have examined carefully the many authorities cited by the learned counsel for the plaintiff, and find in them general rules for construing wills, but nothing tending especially to elucidate the question on hand, and are, therefore, left to give this clause in the will such interpretation as to us seems best calculated to meet the intent of the testator and to accomplish the purpose which it appears from the language used he had in view. It follows that a new trial should be granted.

New trial granted, with costs to abide the event.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed and a new trial ordered, with costs of the appeal to abide the event.